1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF CALIFORNIA
10
                            ----oo0oo----
11
12  TIMOTHY EDWARD HODGSON,
                                    NO. CIV. S-07-1536 WBS JFM
13           Plaintiff,
                                    ORDER RE: MOTION TO DISMISS
14      v.
15  UNITED STATES OF AMERICA,
16           Defendant.
17
18                          ----oo0oo----
19          Plaintiff Timothy Edward Hodgson brought this action
20  against defendant United States of America alleging the violation
21  of the "Fair Tax Collection Practices" statute, 26 U.S.C. § 6304,
22  and seeking declaratory relief.   Defendant now moves to dismiss
23  the complaint for failure to state a claim upon which relief may
24  be granted under Federal Rule of Civil Procedure 12(b)(6) and for
25  lack of subject matter jurisdiction pursuant to Rule 12(b)(1).
26  I.   Factual and Procedural Background
27          On June 1, 2000, plaintiff entered into an
28  offer-in-compromise ("OIC") with the Internal Revenue Service

                                    1

("IRS") for unpaid tax liabilities from the tax years 1992
through 1998. (Compl. ¶ 6.) Under the terms of the offer,
plaintiff was required to pay $30,000 and to file tax returns and
pay all taxes owed on time for five years from the date the offer
was accepted. (Id. ¶¶ 7, 13, 14.) Plaintiff subsequently failed
to file the required tax returns and pay the taxes owed for the
2003 and 2004 tax years on a timely basis. (Id.)

On July 26, 2005, the IRS sent a notice letter to
plaintiff warning him that the OIC for the tax years 1992 through
1998 would be terminated if the delinquent tax returns and
payments were not submitted within thirty days of the letter.
(Id. ¶ 13, Ex. 2.) The IRS also sent this notice to Robert L.
Goldstein, Esq.--plaintiff's representative with respect to the
offer, negotiation, and acceptance of plaintiff's OIC in June of
2000. (Id. ¶ 17.) However, the letter to Mr. Goldstein was sent
to an old, inactive address. (Id.) On or about September 15,
2005, the IRS sent another letter directly to plaintiff and a
copy of the letter to Mr. Goldstein (at the same inactive
address) notifying them that the OIC had been terminated and that
the unpaid balance of the liabilities for the 1992 through 1998
tax years had been reinstated. (Id. ¶¶ 19-21, Ex. 3.)

On July 26, 2007, plaintiff filed his complaint in this
action alleging that the IRS "recklessly or intentionally, or by
reason of negligence" disregarded 26 U.S.C. § 6304(a) by failing
to "readily ascertain' his attorney's correct address from their
records and failing to mail the July 26, 2005 notice letter to
his attorney at the correct address. (Id. ¶¶ 50-52.) Plaintiff
contends that this violation caused him to miss the thirty day

1  grace period--as offered by the July 26, 2005 notice letter--to
2  submit the delinquent returns and taxes owed for the 2003 and
3  2004 tax years, thereafter constituting a default of the OIC.
4  (Id.)
5  II.  Discussion
6      A.  Legal Standards
7          1.  Rule 12(b)(6) Motion to Dismiss for Failure to
8              State a Claim
9          On a motion to dismiss for failure to state a claim,
10 the court must accept the allegations in the complaint as true
11 and draw all reasonable inferences in favor of the pleader.
12 Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Cruz v. Beto, 405
13 U.S. 319 (1972).  To survive a motion to dismiss, a party needs
14 to plead "only enough facts to state a claim to relief that is
15 plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct.
16 1955, 1974 (2007).  Dismissal is appropriate, however, where the
17 pleader fails to state a claim supportable by a cognizable legal
18 theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699
19 (9th Cir. 1988).
20          2.  Rule 12(b)(1) Motion to Dismiss for Lack of
21              Subject Matter Jurisdiction
22          Federal courts are courts of limited jurisdiction only
23 authorized to adjudicate those cases which the Constitution and
24 Congress permit.  Kokkonen v. Guardian Life Ins. Co. of Am., 511
25 U.S. 375, 377 (1994).  "A federal court is presumed to lack
26 jurisdiction in a particular case unless the contrary
27 affirmatively appears."  Stock W., Inc. v. Confederated Tribes of
28 the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989)

3

1  (citing <u>Cal. ex rel. Younger v. Andrus</u>, 608 F.2d 1247, 1249 (9th

2  Cir. 1979)).  On a motion to dismiss an action for lack of

3  subject matter jurisdiction, the plaintiff bears the burden of

4  establishing that subject matter jurisdiction exists.  <u>Kokkonen</u>,

5  511 U.S. at 377.

6       B.   <u>Improper Communication with Plaintiff</u>

7       When the IRS knows that a taxpayer has retained an

8  authorized representative and can "readily ascertain" the

9  representative's name and address, § 6304(a) prohibits the IRS

10  from directly communicating with the taxpayer "in connection with

11  the collection of any unpaid tax" "[w]ithout the prior consent of

12  the taxpayer given directly to the [IRS] or the express

13  permission of a court of competent jurisdiction."  26 U.S.C. §

14  6304(a).

15       Subsection (c) of § 6304 goes on to provide that civil

16  actions based on violations of § 6304 be brought pursuant to 26

17  U.S.C. § 7433.  In turn, § 7433 permits taxpayers to bring the

18  civil action against the United States for actual, direct

19  economic damages sustained as a proximate result of the IRS's

20  reckless, intentional, or negligent violation of § 6304.  26

21  U.S.C. § 7433.

22       The crux of plaintiff's complaint is not that the IRS

23  improperly communicated directly with him, but that it failed to

24  properly communicate with his attorney.  The harm which is

25  alleged resulted not from improperly sending the notice letter to

26  plaintiff, because he claims that because of personal problems he

27  never opened it.  Rather the alleged harm – i.e., the

28  reinstatement of his tax liability in the amount of $101,659.67

4

1 when his OIC defaulted - is alleged to have resulted from the

2 failure of the IRS to properly send the notice to his attorney.[1]

3        While communicating directly with a taxpayer who is

4 represented by counsel may indeed constitute a violation of §

5 6304, the failure to communicate with counsel at the correct

6 address does not.  The congressional intent of § 6304 was to

7 address the concerns regarding abusive or harassing contact with

8 taxpayers.  S. Rep. No. 105-174, at 93 (1998).  Thus, the

9 objective of § 6304(a) is to prevent bypassing a taxpayer's

10 representative for the purpose of harassing or abusing the

11 taxpayer with respect to collection of his or her tax liability,

12 and the significance of awarding civil damages against the

13 government for violations must be limited to this very conduct.

14 See Allied/Royal Parking L.P. v. United States, 166 F.3d 1000,

15 1003 (9th Cir. 1999) (asserting that civil damage provisions

16 under section 7433 "must be read narrowly").

17        As a result, § 6304--in concert with § 7433--creates a

18 cause of action only for civil damages that proximately result

19 from the IRS's improper communication with a represented

20 taxpayer.  To expand § 7433 to confer a civil remedy for the

21 IRS's failure to properly send notice to the taxpayer's

22 representative would be beyond this court's limited jurisdiction

23 over these cases.  See Buaiz v. United States, 471 F. Supp. 2d

24

25        [1]   Plaintiff contends that had Mr. Goldstein received the
26 IRS's July 26, 2005 notice letter detailing the thirty day grace
   period, "Mr. Goldstein would have immediately contacted plaintiff
27 and filed the required returns . . . which would have avoided the
   termination of plaintiff's [OIC] and the [IRS's] current demand
28 for $101,659.67 in unpaid taxes resulting therefrom."  (Compl. ¶
   48.)

5

1  129, 135-36 (D.D.C. 2007) (noting that district courts should

2  read § 7433 narrowly to stay "consistent with Congress's broad

3  intent that the federal judiciary have limited jurisdiction over

4  cases involving the assessment and collection of income taxes").

5       Accordingly, the court will grant defendant's motion to

6  dismiss plaintiff's first cause of action for failure to state a

7  claim.

8       C.   Declaratory Relief

9       Plaintiff seeks declaratory relief under 28 U.S.C. §

10  2201 in order to invalidate a Treasury Regulation, 26 C.F.R. §

11  601.506(a)(3),[2] which plaintiff alleges is in conflict with the

12  express terms and congressional intent underlying §6304(a).

13  (Compl. ¶¶ 60-63.)  The Declaratory Judgment Act permits a court

14  to "declare the rights and other legal relations of any

15  interested party seeking such declaration" "[i]n a case of actual

16  controversy within its jurisdiction, except with respect to

17  Federal taxes other than actions brought under section 7428 of

18  the Internal Revenue Code of 1986."  28 U.S.C. § 2201 (emphasis

19  added).  Section 7428 relates to declaratory judgments involving

20  the status and classification of certain tax exempt organizations

21  under 26 U.S.C. § 501(c)(3), and thus is inapplicable to the

22  instant action.  Therefore, plaintiff's second claim does not

23  fall within the narrow waiver of sovereign immunity for federal

24  tax issues provided in 28 U.S.C. § 2201.  See E.J. Friedman Co.,

25  Inc. v. U.S., 6 F.3d 1355, 1358-59 (9th Cir. 1993) (holding that

26

27       [2]       "Failure to give notice or other written communication
to the recognized representative of a taxpayer will not affect
28  the validity of any notice or other written communication
delivered to a taxpayer."  26 C.F.R. § 601.506(a)(3).

1  because the case at bar involved federal taxes, 28 U.S.C. § 2201

2  cannot serve as a waiver of sovereign immunity, and thus

3  declaratory relief is unavailable).

4      Accordingly, the court will also grant defendant's

5  motion to dismiss plaintiff's second cause of action for lack of

6  subject matter jurisdiction.

7      IT IS THEREFORE ORDERED that defendant's motion to

8  dismiss plaintiff's complaint be, and same hereby is, GRANTED.

9      Plaintiff is given 30 days from the date of this order

10  to file an amended complaint consistent with this order.

11  DATED: November 2, 2007

13  WILLIAM B. SHUBB
14  UNITED STATES DISTRICT JUDGE