UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TIMOTHY EDWARD HODGSON,

       Plaintiff,

  v.

UNITED STATES OF AMERICA,

       Defendant.

NO. CIV. S-07-1536 WBS JFM

ORDER OF DISMISSAL

----oo0oo----

       Plaintiff Timothy Edward Hodgson brought this action against defendant United States of America alleging a violation of the "Fair Tax Collection Practices" statute, 26 U.S.C. § 6304, and seeking declaratory relief.  On November 5, 2007, this court granted defendant's motion to dismiss plaintiff's Complaint for failure to state a claim upon which relief may be granted, Fed. R. Civ. P. 12(b)(6), and for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1)); Hodgson v. U.S., No. 07-1536, 2007 WL 3274183, at *2-3 (E.D. Cal. Nov. 5, 2007).  The court gave plaintiff thirty days to file an amended complaint consistent with its November 5 Order.  Id. at *3.

On December 3, 2007, plaintiff filed a First Amended Complaint that pled substantively identical allegations to those dismissed in the court's November 5 Order. (First Amended Complaint ("FAC").) Plaintiff also filed an accompanying letter confirming that the First Amended Complaint "stands by the substance of the original complaint," and he requested that the court enter a final, appealable judgment per 28 U.S.C. § 1291.[1] (Dkt. No. 26 (Pl.'s "Statement of Intent to Stand on Substantive Issues of Complaint").) Defendant now moves to dismiss plaintiff's First Amended Complaint, with prejudice, based on the same grounds delineated in the court's November 5 Order. See Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1079 n.7 (9th Cir. 1999) ("[A] dismissal with prejudice is an appealable final order.").

Though plaintiff purports to "stand by the substance of his original complaint," he cannot literally elect to stand by the substance of an already dismissed complaint when he has in fact filed an amended complaint. See Lopez v. City of Needles, 95 F.3d 20, 22 (9th Cir. 1996) ("An order dismissing a complaint without prejudice may be final and appealable if the plaintiff cannot cure the defect that led to dismissal or elects to stand on the dismissed complaint.") (internal quotations and citations omitted). However, because the allegations in the First Amended

---

[1] In relevant part, § 1291 provides: "The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . except where a direct review may be had in the Supreme Court." 28 U.S.C. § 1921.

2

Complaint are substantively identical[2] to the allegations in the original Complaint, they suffer the same fatal deficiencies identified in the court's November 5 Order. Hodgson, 2007 WL 3274183, at *2-3.

Accordingly, the court will grant defendant's motion to dismiss plaintiff's First Amended Complaint for the reasons set forth in its dismissal of the original Complaint. Id. Because plaintiff has displayed an unwillingness or inability to cure the deficiencies and the court interprets his supplemental statement as an election to stand on the substance of the First Amended Complaint, the dismissal of the First Amended Complaint will be "with prejudice." See Lynch v. City of Alhambra, 880 F.2d 1122, 1124 (9th Cir. 1989) ("Because [the plaintiff] failed to cure the deficiency perceived by the district court . . . the dismissal was converted to a final order of dismissal with prejudice, appealable under 28 U.S.C. § 1291.").

IT IS THEREFORE ORDERED that defendant's motion to dismiss plaintiff's First Amended Complaint with prejudice be, and the same hereby is, GRANTED;

---

[2] Aside from updating the date of signing, changing "pro per" to "per se," correcting a misspelling of plaintiff's name, and including a jury demand, plaintiff's First Amended Complaint includes two modifications to paragraphs 35 and 41 of the original Complaint. With respect to paragraph 35, plaintiff changed "Mr. Goldstein's written power of attorney is . . . on file with the Secretary" to "Mr. Goldstein's name and address . . . was 'readily ascertainable' from the Secretary's records." (FAC ¶ 35.) With respect to paragraph 36, plaintiff added that a taxpayer may also have on file many "designations of persons designated under the tax information authorization system." (Id. at ¶ 36.)

3

1    AND IT IS FURTHER ORDERED that plaintiff's First
2 Amended Complaint be, and the same hereby is, DISMISSED WITH
3 PREJUDICE.
4 DATED:  February 1, 2008

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE